Case 2:10-cv-03166-JVS-MAN   Document 3   Filed 04/30/10   Page 1 of 7   Page ID #:23

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. JOHNSON, | ) NO. CV 10-3166-JVS (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE; |
| WARDEN M. MARTEL, | ) AND DENYING CERTIFICATE OF |
| | ) APPEALABILITY |
| Respondent. | ) |

Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, on April 27, 2010 ("Petition"). The Petition is the second Section 2254 habeas petition he has filed stemming from his 1999 state conviction based on a violation of California Penal Code § 422.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On February 7, 2003, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 03-912-JVS (MAN) (the "First Action"). The First Action petition challenged Petitioner's conviction and sentence imposed in the Los Angeles Superior Court in 1999, for violating California Penal Code § 422 (making terrorist threats). The First Action petition raised ten habeas claims, *to wit*: (1) Petitioner's Fourth, Fifth, and Fourteenth Amendment rights were violated when the trial court allowed a witness to testify at trial regarding matters pertaining to a count that had been dismissed; (2) trial counsel was ineffective, because he failed to object to the admission of evidence pertaining to the dismissed count; (3) trial counsel was ineffective, because he failed to investigate the victim's criminal record adequately in order to impeach her at trial; (4) the prosecutor withheld evidence regarding the victim's criminal record from the defense, and the trial court allowed the prosecution to do so; (5) trial counsel was ineffective, because he revealed Petitioner's defense to the prosecutor before trial; (6) trial counsel was ineffective, because he told the jury that Petitioner was a "nasty drunk" and improperly conceded that Petitioner had made the threats which were the basis of the charge; (7) trial counsel was ineffective, because he failed to impeach the victim when she committed perjury; (8) trial counsel was ineffective, because he failed to object or request a mistrial when the prosecutor revealed to the jury that Petitioner was on parole; (9) trial counsel failed to involve Petitioner in the preparation of the jury instructions, and as a result, Petitioner was prejudiced when the trial court instructed the jury regarding the

uncharged offense of aggravated assault; and (1) the Three Strikes law violates the Eighth Amendment on its face and as applied to Petitioner.[1]

On May 25, 2003, Judgment was entered denying the First Action petition on its merits and dismissing the First Action with prejudice. Petitioner appealed. On June 1, 2007, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability (Case No. 06-55961).[2]

In this action, Petitioner again seeks Section 2254 habeas relief based on this same 1999 state conviction. Petitioner has not stated the specific basis or bases on which he contends that he is entitled to federal habeas relief with respect to his 1999 conviction, other than to allude, without explanation, to "newly discovered evidence." Petitioner appears to: complain that the California Supreme Court should not have denied his most recent habeas petition on the ground that it was untimely (*see* Petition at 6-7, Ex. C); contend that he has a due process right to present claims challenging his 1999 conviction free of procedural requirements and constraints (*see id.* at 6); and argues that the AEDPA, including its statute of limitations, is unconstitutional, because it only applies to prisoners and impedes his ability to seek federal habeas relief (*see id.* at 5-6). Petitioner admits that he has not raised any of the claims asserted in the Petition in the state

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in Petitioner's previous action filed in this district.

[2] Pursuant to Rule 201, the Court also takes judicial notice of the electronic dockets for the Ninth Circuit available through the PACER system.

courts. (Petition at 5-7.)

**DISCUSSION**

The Petition, admittedly, is fully unexhausted and subject to dismissal for that reason. *See* 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). The Petition, however, must be dismissed based on a more fundamental, and jurisdictional, defect.

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described below), state habeas petitioners seeking relief in this district must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth

Circuit "may authorize the filing of a second or successive [petition] only if it presents a claim not previously raised that satisfies one of the grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same 1999 state court conviction challenged in this action, and he raised ten claims that were resolved adversely to him on their respective merits. Accordingly, the instant Petition, which challenges the same 1999 conviction, is second or successive within the meaning of Section 2244(b).

Critically, Petitioner has not obtained permission from the Ninth Circuit to bring this second or successive Petition, as required by Section 2244(b)(3).[3] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb,

---

[3] The Court's review of the Ninth Circuit's electronic dockets available through the PACER system shows that Petitioner's appeal of the First Action dismissal, as well as his appeals in three prisoner civil rights actions (Nos. 06-15381, 08-16482, and 09-16795), are the only Ninth Circuit actions he has brought, and he has **not** filed any Section 2244(b) application in the Ninth Circuit.

576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his 1999 conviction and/or sentence, Petitioner must persuade the Ninth Circuit that one or both of these predicates exists for any claim he now wishes to raise.[4]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.[5]

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-

---

[4] The Court notes that Petitioner's state direct appeal concluded in the first quarter of 2001. Even if, *arguendo*, Petitioner were to receive statutory tolling for the state habeas petitions he filed that were pending in 2001-02, before he filed the Prior Action, Petitioner's limitations period expired at the latest in early 2003. Although Petitioner appears to argue, in the instant Petition, that he is entitled to equitable tolling based on events commencing in 2006, his limitations period expired several years before then. Thus, the instant Petition appears to be substantially untimely under 28 U.S.C. § 2244(d)(1), in addition to being fully unexhausted and second or successive.

[5] Because the Court lacks jurisdiction to consider the instant Petition, it is being dismissed on that ground, rather than due to its unexhausted nature. Even if Petitioner were to exhaust his claims, he still would be required to comply with Section 2244(b) *before* alleging those claims in this Court through a Section 2254 petition.

6

85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner.

DATED: April 30, 2010.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE